IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x

In re:

3MotionAI Inc.,

    Debtor in a foreign proceeding.

-----------------------------------------------------------x

Chapter 15

Case No. 25-11864 (CTG)

**Re: D.I. 8**

### PROVISIONAL ORDER GRANTING RELIEF PURSUANT TO SECTIONS 362, 1519, 1521 AND 105(a) OF BANKRUPTCY CODE

Upon the motion, dated October 24, 2025 [D.I. 8] (the "Motion")[1] of TDB Restructuring Limited ("TDB Restructuring"), in its capacity as the authorized foreign representative (the "Foreign Representative") of the above-captioned debtor ("3Motion" or the "Debtor"), who has filed a Notice of Intention to Make a Proposal, dated September 3, 2025 (the "NOI") under section 50.4 (1) of Canada's Bankruptcy and Insolvency Act, R.S.C. 1985, c. B-3, as amended (the "BIA"), as confirmed by the Certificate of Filing issued by the Office of the Superintendent of Bankruptcy Canada which NOI commenced a proceeding under the BIA (the "BIA Proceeding"), Court File No. BK-25-03267656-0032), pending before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"), pursuant to sections 362, 364(e), 1517, 1519, 1520, 1521, and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") for entry of (a) a provisional order (this "Order"): (i) recognizing and enforcing in the United States (the "U.S."), on an interim basis, that portion of the initial order issued on October 1, 2025, by the Canadian Court (the "BIA Initial Order"),[2] which granted an interim stay of execution against the Debtor's assets and applying section 362 of the Bankruptcy Code in this chapter 15 case on an interim basis, and (ii) granting such other and further relief as this Court deems just and proper; and (b) a

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[2] A copy of the BIA Initial Order is attached to the Tannenbaum Declaration as Exhibit D.

final order after notice and a hearing (the "Final Order") (i) granting the petition in this case and recognizing the BIA Proceeding as a foreign main proceeding, (ii) giving full force and effect in the U.S. to the BIA Initial Order, including any and all extensions, amendments and/or supplements thereto authorized by the Canadian Court and extending the protections of the Provisional Order to 3Motion on a final basis, (iii) granting the DIP Lender certain protections afforded by section 364(e) of the Bankruptcy Code, and (iv) granting such other and further relief as this Court deems just and proper, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 109 and 1501, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,* dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Foreign Representative having consented to the Court's authority to enter a final order consistent with Article III of the U.S. Constitution; and venue being proper before this Court pursuant to 28 U.S.C. § 1410; and due and proper notice of the provisional relief sought in the Motion having been provided; and it appearing that no other or further notice need be provided; and a hearing having been held on October 28, 2025 to consider the provisional relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Tannenbaum Declaration, the Memorandum of Law, and the verified chapter 15 petition, filed contemporaneously with the Motion, the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the provisional relief sought in the Motion is in the best interests of the Foreign Representative and the Debtor and its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,* dated as of February 29, 2012.

C. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

D. Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

E. The Foreign Representative has demonstrated a substantial likelihood of success on the merits that (a) the BIA Proceeding is a "foreign main proceeding" as that term is defined in section 1502(4) of the Bankruptcy Code, (b) the Foreign Representative is a "foreign representative" as that term is defined in section 101(24) of the Bankruptcy Code, (c) all statutory elements for recognition of the BIA Proceeding are satisfied in accordance with section 1517 of the Bankruptcy Code, and (d) upon recognition of the BIA Proceeding as a foreign main proceeding, section 362 of the Bankruptcy Code will automatically apply in this chapter 15 case pursuant to section 1520(a)(1) of the Bankruptcy Code.

F.   The Foreign Representative has demonstrated that (a) the commencement of any proceeding or action in the U.S. against 3Motion and its business and all of its assets should be stayed pursuant to sections 1519, 1521, and 105(a) of the Bankruptcy Code, which protections, in each case, shall be coextensive with the provisions of section 362 of the Bankruptcy Code, to permit the fair and efficient administration of the BIA Proceeding, including an orderly marketing and sale process for all or substantially all of the assets and property (or an investment in the business) of the Debtor and/or a reorganization pursuant to the BIA Initial Order, including the SISP approved therein, and any other applicable orders of the Canadian Court, for the benefit of all stakeholders, and (b) the relief requested in the Motion will neither cause an undue hardship nor create any hardship to parties in interest that is not outweighed by the benefits of the relief granted herein.

G.   The Foreign Representative has demonstrated that 3Motion has assets in the U.S., including a valuable patent and customer and supplier contracts governed by U.S. law.

H.   The Foreign Representative has demonstrated that, absent the relief granted herein, there is a material risk that one or more parties in interest will take action against 3Motion or its assets. As a result, 3Motion may suffer immediate and irreparable injury, loss, or damage for which there is no adequate remedy at law and therefore it is necessary that this Court grant the relief requested in the Motion without prior notice to parties in interest or their counsel. Further, unless this Order is entered, 3Motion's assets could be subject to efforts by creditors to control, possess, or execute upon such assets and such efforts could result in 3Motion suffering immediate and irreparable injury, loss or damage by, among other things, creditors (a) interfering with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, and (b) interfering with or undermining the success of the BIA Proceeding.

I. The Foreign Representative has demonstrated that no injury will result to any party that is greater than the harm to 3Motion's business, assets, and property in the absence of the relief requested in the Motion.

J. The interests of the public and public policy of the U.S. will be served by entry of this Order.

K. The Foreign Representative and 3Motion are entitled to the full protections and rights available pursuant to section 1519 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The BIA Initial Order, including any and all extensions, amendments and/or supplements authorized by the Canadian Court, is hereby given full force and effect on an interim basis, with respect to staying the commencement or continuation of any actions against 3Motion or its assets and, in this regard, shall be given full force and effect in the U.S. until otherwise ordered by this Court.

3. The Court shall hold a hearing to consider the Motion on a final basis on **November 24, 2025 at 3:00 p.m. (prevailing Eastern Time)**.

4. While this Order is in effect, the Foreign Representative and 3Motion are entitled to the full protections and rights pursuant to section 1519(a)(1), which protections shall be coextensive with the provisions of section 362 of the Bankruptcy Code, and this Order shall operate as a stay of any execution against 3Motion's assets within the territorial jurisdiction of the U.S. (except as otherwise expressly provided herein).

5. While this Order is in effect, pursuant to sections 1519(a)(1) and (3) and 1521(a)(7) of the Bankruptcy Code, section 362 of the Bankruptcy Code is hereby made applicable in this

case to 3Motion and the property of 3Motion within the territorial jurisdiction of the U.S. Specifically, all entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative and its expressly authorized representatives and agents are hereby enjoined from:

    a) execution against any of 3Motion's assets;

    b) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, including without limitation any and all unpaid judgments, settlements, or otherwise against 3Motion in the U.S.;

    c) taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against 3Motion or any of its property;

    d) transferring, relinquishing, or disposing of any property of 3Motion to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative; and

    e) commencing or continuing an individual action or proceeding concerning 3Motion's assets, rights, obligations, or liabilities.

6. Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed pursuant to section 362 of the Bankruptcy Code or (b) staying the exercise of any rights that section 362(o) of the Bankruptcy Code does not allow to be stayed.

7. 3Motion's creditors will not suffer any significant harm by the requested provisional relief, as the relief will merely preserve the status quo during the short time necessary

for the Court to rule on the verified chapter 15 petition. The provisional relief sought will benefit 3Motion's creditors because it will ensure the value of 3Motion's assets are preserved, protected and maximized for the benefit of all creditors.

8. Any creditor that believes it has been harmed by the provisional relief may file a motion seeking relief from, or modification of, this Order with the Court on not less than seven (7) business days' written notice to Barclay Damon LLP, 1270 Avenue of the Americas, Suite 2301, New York, New York 10020 Attn: Janice B. Grubin and Ilan Markus and The Rosner Law Firm LLC, 824 North Market Street, Suite 810, Wilmington, Delaware 19801 Attn: Frederick B. Rosner and Ruby Liu, and this Court will hear such motion on a date to be scheduled by this Court.

9. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Bankruptcy Rule 7065, no notice to any person is required prior to entry and issuance of this Order. Pursuant to Bankruptcy Rule 7065, the provisions of Federal Rule of Civil Procedure 65(c) are hereby waived, to the extent applicable.

10. The Foreign Representative and its agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

11. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: October 29th, 2025
Wilmington, Delaware

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE